# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Criminal Case No. 3:03CR141 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| JOHN H. MAGUIRE, | : | |
| Defendant. | : | |
| | | |
| JOHN H. MAGUIRE, | : | |
| Petitioner, | : | Civil Case No. 3:06CV068 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

On December 12, 2005, Petitioner John H. Maguire pled guilty to two criminal charges. Soon thereafter, on January 13, 2006, Maguire filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255, which was dismissed as premature. *See* Case No. 3:03cr000141, Doc. #s 150, 152.

On March 15, 2006, Judgment was entered against Maguire and he was sentenced. *Id.* at Doc. #155, 157). That same day, Maguire filed a Notice of Appeal. *Id.* at Doc. #158. And, on

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

the same day, he filed a second §2255 Motion. *Id.* at Doc. #160. The Court recommended that the Motion be dismissed without prejudice because the pending direct appeal precluded the § 2255 from being considered. *Id.* at Doc. #162. On April 7, 2006, Maguire filed Objections to the Report and Recommendations, asserting that extraordinary circumstances existed. Among other reasons, he contended that his claim of ineffective assistance of council and his §2255 Motion will never be decided due to his possible release before the conclusion of his direct appeal.

On April 13, 2006, Maguire filed a third § 2255 Motion claiming government misconduct. *Id.* at Doc. #171.

This case is before the Court on Maguire's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Supplement, and for reconsideration of the Report and Recommendations in light of Maguire's Objections. Maguire's Motions are before the Court for initial consideration under Rule 4 of the Rules Governing §2255 Motions. Rule 4 mandates that upon initial review of the §2255 Motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk of court to notify the moving party...."

Among other issues, Maguire claims in his §2255 Motions that he was provided ineffective assistance of counsel in violation of his rights under the Sixth Amendment to the United States Constitution. Before reaching the merits of Maguire's claims, it must be determined whether Maguire may raise them in his §2255 Motions while simultaneously pursuing a direct appeal, which is currently pending in the United States Court of Appeals for the

2

Sixth Circuit.

The court in *Massaro v. United States*, 123 S. Ct.1690, 538 U.S. 500 (2003), recognized that: "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance," *id.* at 1694, and concluded that the "...failure to raise ineffective assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* It is therefore clear that a §2255 motion is the proper vehicle for raising Petitioner's Sixth Amendment claims.

However, for the reasons stated below, this Judicial Officer recommends dismissal of Maguire's Motions without prejudice to his right to re-file a §2255 Motion (which should not be considered as a second or successive Motion pursuant to 28 U.S.C. § 2255) once his pending appeal has become final.

The court in *Capaldi v. Pontesso*, 135 F. 3d 1122 (6th Cir. 1998), recognized that under §2255 a prisoner may challenge his sentence for being in violation of the United States Constitution or laws of the United States, but the district court is precluded from considering a § 2255 application for relief during the pendency of a direct appeal unless extraordinary circumstances exist. *Id.* at 1123-24, citing *United States v. Gordon*, 634 F. 2d 638 (1st Cir.1980). *See also*: *United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995) (absent "extraordinary circumstances," district courts should decline to hear habeas claims while direct appeal is pending); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970), *cert denied*, 402 U.S. 933, 28 L. Ed. 2d 867, 91 S. Ct. 1530 (1971); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993); *United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001); *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968). An

3

extraordinary circumstance exists when the need for speedy relief weighs more in favor of allowing the claim than the need to conserve judicial resources. *Davis*, 604 F.2d 485.

The rule is designed to ensure the orderly administration of justice and preserve judicial economy. *See* Federal Rules Governing § 2255 Proceedings Rule 5 advisory committee's note. *See also* 3 Charles A. Wright, Federal Practice and Procedure, Criminal 2d § 597, at 483 (motion under § 2255 "is not proper while an appeal from the conviction is pending since the disposition of the appeal may make the motion unnecessary"). The possibility that the Maguire's term of imprisonment will be completed before the final resolution of his direct appeal does not present a need for speedy relief pursuant to a §2255 Motion. Maguire's direct appeal raises several issues, which once decided, may resolve the claims made in the motions making them unnecessary. His §2255 Motions and Objections present no extraordinary circumstances warranting an exception to the general rule in this case, and none are otherwise apparent. After balancing the need for a speedy relief against the need for an orderly administration of judicial resources, no extraordinary circumstances are present which would require the court to determine the issues presented in Maguire's § 2255 motion during the pendency of his direct appeal.

Maguire has also filed a Petition for Writ of Habeas Corpus seeking to raise claims that his constitutional rights to due process and a fair trial, including the right to effective assistance of counsel, have been violated. Because this Motion is merely a §2255 Motion re-cast as a Petition for Writ of Habeas Corpus, it must be denied for the reasons stated above.

Accordingly, in light of Maguire's ongoing direct appeals, his §2255 Motions are premature and plainly do not entitle him to any present relief.

4

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Objections (3:06cv00068, Doc. #169) to the Report and Recommendations filed on March 20, 2006 (3:06cv00068, Doc. #162) be overruled;

2. Petitioner's Motions to Vacate, Set Aside or Correct Sentence in case Number 3:06cv00068, Doc. #s 160, 167) and in Case Number (3:03cr00141, Doc. #s 160, 167, 171, 176) be denied;

3. Maguire's Petition for Writ of Habeas Corpus (Doc. #170 in both cases) be denied;

4. Maguire's Motions to Admit Certain Documents (Doc. #168 in both cases) be denied as moot; and

5. Case No. 3:06cv00068 be terminated on the docket of his Court.

August 11, 2006

                                                 s/ Sharon L. Ovington
                                                   Sharon L. Ovington
                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).